FILED
 2008 Feb-21  AM 09:55
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CR 07-B-0439-S |
| ) | |
| MARIA TERESA MEDINA-PALLARES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Suppress Tangible and Derivative Evidence, (doc. 11), and Motion to Suppress Statements, Admissions and Confessions, (docs. 12).[1] Defendant asks the court to suppress "all tangible and derivative evidence obtained from the Defendant, (doc. 11 at 1), and "any and all statements, admissions and confessions allegedly given by the Defendant," (doc. 12 at 1). For the reasons set forth below, defendant's Motions to Suppress are due to be denied.

On October 18, 2007, at approximately 10:00 A.M., Officer Chris Hunter of the Hoover Police Department stopped the car being driven by defendant Maria Teresa Medina-Pallares, because her car tag was obstructed by a tag frame that covered the bottom of the tag and there was no decal showing the expiration date of the tag.[2] Defendant contends that this

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Alabama Code § 32-6-51 provides:

> Every motor vehicle operator who operates a motor vehicle upon any

"traffic stop was not supported by any reasonable suspicion of a criminal offense having been committed," (doc. 11 at 1), because Alabama laws regarding vehicle tags does not apply to her vehicle, which was registered in Mexico.

Alabama statutes relating to the placement and visibility of vehicle license plates apply to all vehicles traveling on roads and highways in Alabama. In *State v. Green*, 371 So. 2d 929 (Ala. Civ. App. 1979), the Alabama Court of Civil Appeals held that Ala. Code § 40-12-258, which provides the penalty for failure to properly display license plates on commercial vehicles, is applicable to non-residents operating vehicles on Alabama highways. *Id*. at 930. Also, in *Tillman v. State*, 647 So.2d 7 (Ala. Crim. App. 1994), *cert. denied*, the Alabama Court of Criminal Appeals note that defendant had "concede[d] that the police had had a legitimate purpose for stopping her, *i.e.*, that she was driving with an expired Mississippi license plate on her van." *Id*. at 9. In both cases, the Alabama courts have indicated that Alabama laws relating to vehicle tags apply to out-of-state vehicles. Other jurisdictions addressing the issue have held that state laws requiring visible license plates apply to non-resident vehicles on state roads. *See State v. Hayes*, 660 P.2d 1387, 1389 (Kan. App. 1983)("The obscured tag frustrated the officers in a routine license plate check. Law

---

city street or other public highway of or in this state shall at all times keep attached and plainly visible on the rear end of such motor vehicle a license tag or license plate as prescribed and furnished by the Department of Revenue at the time the owner or operator purchases his license.

Ala.Code § 32-6-51.  *See also* Ala. Code § 32-6-65 (requiring current license plate); Ala.Code § § 40-12-242 (requiring display of registration sticker).

2

enforcement officials frequently must determine from tag numbers whether a vehicle is stolen; whether it is properly registered; or whether its occupant is suspected of a crime, is the subject of a warrant, or is thought to be armed. Out-of-state cars on Kansas highways are subject to the same police imperative as local vehicles. . . . [T]he display of an illegible or obscured vehicle tag is a violation of K.S.A. 8-133 even if the vehicle is duly licensed in another state."); *see also United States v. DeGasso*, 369 F.3d 1139, 1148 (10th Cir. 2004)("[W]hile every state has some statute prohibiting the obstruction of license plates, none has interpreted its statutory scheme to allow out-of-state cars to be driven with obscured license plates.")(citing *Nelson v. State*, 544 S.E.2d 189, 190 (Ga. App. 2001); *People v. Miller*, 611 N.E.2d 11, 20 (Ill. App. 1993)).

In this case, the evidence shows that the black tag frame surrounding defendant's car tag obscured the state and country and the tag did not have a registration sticker showing the expiration date. Based on these facts, Officer Hunter had sufficient probable cause to believe defendant had violated Alabama Code law by covering portions of her car tag with the black frame and by failing to display an expiration sticker. Therefore, the court finds that the traffic stop did not violate defendant's Fourth Amendment rights against unreasonable search and seizure. *See United States v. Boyce*, 351 F.3d 1102, 1106 (11th Cir. 2003).

At oral argument, defendant conceded that her Motions to Suppress were due to be denied if the court found the traffic stop was valid. Indeed, the court finds the evidence is undisputed that plaintiff voluntarily consented to the search of her vehicle, and voluntarily

3

gave a statement to police after being given her *Miranda* warnings. *United States v. Hernandez*, 418 F.3d 1206, 1209-1210 (11th Cir. 2005), *cert. denied* 127 S. Ct. 303 (2006); *United States v. Purcell*, 236 F.3d 1274, 1280 (11th Cir. 2001);

## **CONCLUSION**

Based on the foregoing, the court finds that defendant's Motion to Suppress Tangible and Derivative Evidence, (doc. 11), and Motion to Suppress Statements, Admissions and Confessions, (docs. 12), are due to be denied. All relevant evidence and statements obtained by police will be admitted at trial. A separate Order will be entered.

Done this 21st day of February, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE